```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION
```

SAFWAN ATTILI,                     §
                                   §
        Plaintiff,                 §
                                   §
v.                                 §    CIVIL ACTION NO. H-06-0337
                                   §
FEDERAL BUREAU OF                  §
INVESTIGATIONS (FBI); ROBERT       §
MUELLER, DIRECTOR OF THE FBI;      §
MICHAEL CHERTOFF, SECRETARY OF     §
THE DEPARTMENT OF HOMELAND         §
SECURITY; SHARON A. HUDSON,        §
USCIS DISTRICT DIRECTOR,           §
HOUSTON, TEXAS; ALBERTO            §
GONZALES, UNITED STATES            §
ATTORNEY GENERAL; DR. EMILIO       §
T. GONZALEZ, DIRECTOR OF USCIS;    §
UNITED STATES CITIZENSHIP AND      §
IMMIGRATION SERVICES,              §
                                   §
        Defendants.                §

## MEMORANDUM AND ORDER

Pending is Defendants Michael Chertoff, Sharon A. Hudson, Alberto Gonzales, Dr. Emilio T. Gonzalez, and United States Citizenship and Immigration Services' Motion to Remand to USCIS or Alternatively to Dismiss (Document No. 12).[1]  After carefully

---

[1] Also pending is Defendants Robert Mueller and the FBI's Motion to Dismiss Pursuant to Rule 12(b)(1) (Document No. 13), in which Mueller and the FBI move to dismiss based on mootness on grounds that the FBI name check and "any and all actions required for the continuing adjudication of Plaintiff Attili's naturalization application" have been completed.  Plaintiff does not oppose the dismissal of these parties.  Defendants Mueller and the FBI's Motion to Dismiss is therefore GRANTED, and they are DISMISSED from this action.

considering the motion, Plaintiff's opposition, and the applicable law, the Court concludes as follows.

## I. Background

Plaintiff, pursuant to 8 U.S.C. § 1447(b), seeks a hearing on his application for naturalization because more than 120 days have passed since his naturalization interview. Plaintiff, a citizen of Jordan, has been a lawful permanent resident of the United States since September, 2001. In August, 2004, Plaintiff applied for naturalization. On October 27, 2004, Defendant United States Citizenship and Immigration Services (USCIS) interviewed Plaintiff, thereby triggering a statutorily-prescribed 120-day period for the USCIS to complete the naturalization process. *See* 8 U.S.C. § 1447(b); *see also* El-Daour v. Chertoff, 417 F. Supp. 2d 679, 683 (W.D. Pa. 2005) (interview date triggers statutory period); Ahmed v. Chertoff, No. 06-MC-0417, 2006 WL 3771814, at *1 (S.D. Tex. Dec. 15, 2006) (same). At the time of the interview, Plaintiff's mandatory fingerprinting and Interagency Border Inspection System (IBIS) name checks were complete, but the USCIS had not yet received a required national security background name check performed by the Federal Bureau of Investigation (FBI) (the "FBI name check").[2] Plaintiff's application remained pending while the

---

[2] Plaintiff is correct that the pertinent agency regulation contemplates that a full criminal background check will be completed and a "definitive response" received from the FBI *before*

2

USCIS awaited the name check results.  On February 1, 2006, Plaintiff brought this action, asserting that the 120-day period had expired without a decision on his application and requesting a hearing on his naturalization application and a declaratory judgment that he is a naturalized citizen of the United States. Over two months later, in April, 2006, the FBI completed the name check and notified the USCIS that the name check had resulted in a "positive hit" or "positive response" for Plaintiff's name.  The FBI also sent the USCIS a classified report with the results. Defendants submit the declaration of Sandra M. Heathman ("Heathman"), the Deputy District Director of the Houston office of the USCIS, who avers that the USCIS is currently investigating the information contained in the classified report.[3]  Defendants Michael Chertoff, Sharon A. Hudson, Alberto Gonzales, Dr. Emilio T. Gonzalez, and the USCIS (collectively, "Defendants") now ask the Court to remand the matter, without time deadline, to the USCIS so the agency can "expeditiously complete the mandatory national security background check investigation and resolution of the classified information received from the FBI's name check response."

---

the applicant is notified to appear for his "initial examination." 8 C.F.R. § 335.2(b).

[3] Heathman avers that the information received from the FBI "necessarily implicates national security measures."  At the Court's Scheduling Conference, the USCIS with the agreement of all parties disclosed to the Court *in camera* the classified information.

II. <u>Discussion</u>

Title 8 U.S.C. § 1447(b) provides:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b). The Court has subject matter jurisdiction pursuant to Section 1447(b) because over 120 days have passed since Plaintiff's interview or "examination." *See* <u>id.</u> *See, e.g.,* <u>El-Daour</u>, 417 F. Supp. 2d at 683; <u>Khelifa v. Chertoff</u>, 433 F. Supp. 2d 836, 841 (E.D. Mich. 2006). Once jurisdiction is established under Section 1447(b), a district court has two options: it may "determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter." *See* 8 U.S.C. § 1447(b). Plaintiff argues that his application for naturalization is ripe for resolution and the Court should review it on the merits, or remand the matter to the USCIS for a determination within 120 days. Defendants contend that the USCIS should be allowed to decide Plaintiff's application in the first instance, "without time deadline."

"[T]he weight of authority . . . supports Defendants' contention that the [USCIS] generally should be given the opportunity to decide applications for naturalization in the first instance." Khelifa, 433 F. Supp. 2d at 842. As Defendants note, a remand is consistent with the "ordinary remand" rule, which provides that, "[g]enerally speaking, a court . . . should remand a case to an agency for decision of a matter that statutes place primarily in agency hands." Immigration & Naturalization Serv. v. Ventura, 123 S. Ct. 353, 355 (2002) (observing that preference for remand "has obvious importance in the immigration context."). *See also* Gonzales v. Thomas, 126 S. Ct. 1613, 1615 (2006) (finding, in another immigration context, that there was "no special circumstance here" that warranted a departure from the "ordinary remand" rule); Khelifa, 433 F. Supp. 2d at 844-45 (applying ordinary remand rule in similar circumstances under § 1447(b)). In Khelifa, as here, the USCIS received the results of Plaintiff's background check about two months after Plaintiff filed suit under § 1447(b) for delayed naturalization. The district court remanded the matter although the background check was complete, finding that (1) the USCIS has experience and expertise in identifying "potentially problematic information that has been uncovered in a background check, and . . . determin[ing] whether this information truly reflects a legitimate national security or public safety concerns"; and (2) "any subsequent judicial review . . . would be

5

considerably aided by an agency analysis and explanation . . ." *See* id. at 844.  The Court also reasoned that since the "background check is complete and Plaintiff's application otherwise appears ripe for decision," the USCIS "is just as likely as this Court to promptly decide Plaintiff's application . . ." *See* id. at 844-45.  The Court finds Khelifa's reasoning persuasive and agrees that it is appropriate under the present circumstances for USCIS to make the "initial determination on matters within their presumed expertise and delegated authority," so long as the determination is expeditiously made.  *See* id. (remanding for "a prompt determination in accordance with the assurances offered by [USCIS] in this case."); *see also* Khan v. Chertoff, No. CV-05-00560-PHX-SRB, 2006 WL 2009055, at *2 (D. Ariz. Jul. 14, 2006) (adopting Khelifa's reasoning where background check was completed and remanding "with instructions that [USCIS] issue a determination within 120 days.").

### III.  Order

Accordingly, it is

ORDERED that Defendants Robert Mueller and the FBI's Motion to Dismiss Pursuant to Rule 12(b)(1) (Document No. 13) is GRANTED, and Defendants Robert Mueller and the FBI are DISMISSED for mootness. It is further

ORDERED that Defendants Michael Chertoff, Sharon A. Hudson, Alberto Gonzales, Dr. Emilio T. Gonzalez, and United States

Citizenship and Immigration Services' Motion to Remand to USCIS (Document No. 12) is GRANTED, and the case is REMANDED to the USCIS with instructions to complete the pending national security background check and update any expired criminal or national security background checks, and to render its determination as expeditiously as possible on Plaintiff Safwan Attili's application.

The Clerk shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 9th day of February, 2007.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE